**UNITED STATES of America**

v.

**William LELAND**

No. CR–03–33–B–W.

United States District Court,
D. Maine.

Jan. 16, 2004.

Christopher R. Largay, Bangor, ME, Joseph M. Pickering, Bangor, ME, for William Leland (1).

Daniel J. Perry, U.S. Attorney's Office, Bangor, ME, for USA.

*ORDER AFFIRMING IN PART THE RECOMMENDED DECISION OF THE MAGISTRATE JUDGE*

WOODCOCK, District Judge.

The United States Magistrate Judge filed with the Court on October 22, 2003 her Recommended Decision. The Defendant filed his objections to the Recommended Decision on October 28, 2003 and the Government filed its response to those objections on November 17, 2003. The Government filed a motion for reconsideration on November 3, 2003 and the Defendant filed his response on November 17, 2003. I have treated the Government's motion for reconsideration as an objection to the Recommended Decision. I have reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record; I have made a *de novo* determination of all matters adjudicated by the Magistrate Judge's Recommended Decision. With the exception set forth herein, I concur with the recommendations of the United States Magistrate Judge for the reasons set forth in her Recommended Decision.

It is therefore ORDERED that the Recommended Decision of the Magistrate Judge is hereby AFFIRMED and that defendant Leland's Motion to Suppress is DENIED with the following exception:

Having reviewed the filings of the parties, the court is not convinced the defendant placed the government on fair notice of the issues upon which the Magistrate Judge based her recommendation to suppress the statements allegedly made while the defendant was in Agent Carr's vehicle.

The issues include: 1) whether the statement or statements were made; 2) if he was not in custody, whether the officers took advantage of a coercive atmosphere to elicit the statements; and, 3) whether there was an interrogation. In addition, although the Magistrate Judge reached the question of whether there was a de facto arrest, the question of whether the defendant, though not arrested, was in some form of custody when he made the statement remains unresolved. In essence, the Magistrate Judge reached the issue of the voluntariness of the defendant's statement, an issue the government strenuously argues and this court agrees was not directly briefed and presented by the defendant.[1]

Jury selection in this case is scheduled for Monday, January 26, 2004. The government had contemplated releasing Jencks Act material on Monday, January 19, 2004, one week prior to trial. This leaves little time for the resolution of the remaining issue presented by the motion to suppress and because the issues listed above were not sufficiently identified, there is an insufficient record upon which to rule on the pending motion.

The court has weighed the alternatives and has concluded the most efficient means to resolve the remaining issues on the motion to suppress is to hold an evidentiary hearing. To give the parties an opportunity to develop a record from which a ruling can be made, the court is, therefore, setting an evidentiary hearing on the motion to suppress for 9:00 a.m., Tuesday, January 20, 2004. This hearing will be strictly limited to evidence directly related to the above-listed issues. The court anticipates ruling on the last unresolved issue on defendant's motion to suppress at the close of the evidentiary hearing.

Regarding the Jencks Act material, the government can decide whether and what information to release on January 19, 2004. If the government concludes it cannot release any Jencks Act material prior to the evidentiary hearing, the court assumes that the material can be made available on Tuesday, January 20, 2004 following the evidentiary hearing. If this occurs, the court will proceed with jury selection on Monday, January 26, 2004 and the government's case will begin on Tuesday, January 27, 2004.

---

1. The Magistrate Judge properly noted whenever the defendant asserts a *Miranda* violation, the government has the burden to demonstrate the statement was voluntary and, therefore, the issue of voluntariness was in this sense joined. Nevertheless, this court takes the government's point that the defendant raised voluntariness issue in a limited context: that the statement should be suppressed because he was under de facto arrest and no *Miranda* warning was given. The government argues once the Magistrate Judge ruled there was no de facto arrest, she had responded fully to the precise issue the defendant raised. Be this as it may, the evidentiary hearing resolves any such contentions.